UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

v.                                                                    Civil Action No. 3:09-cv-0031

GILBERT L. SPURLOCK,

    Defendant

**MEMORANDUM OPINION AND ORDER**

Pending is the United States' second request for a hearing seeking the issuance of a preliminary injunction in this matter [Docket 16].

On January 14, 2009, the United States' instituted this civil action with its complaint for injunctive relief. The United States' complaint essentially seeks "a preliminary and permanent injunction" barring Mr. Spurlock, or others on his behalf, from instituting or continuing any trial court action against the United States, its agents, or instrumentalities ("United States") related to certain disputed credit charges made to his account. The United States additionally seeks orders (1) directing Mr. Spurlock to disclose a complete list of cases instituted by him that arise out of or relate to the disputed credit card charges, and (2) dismissing any such cases filed in or removed to this court.

Having reviewed the many filings in this and related actions instituted by Mr. Spurlock, two considerations are important. First, there is no longer an apparent need for preliminary injunctive relief. The last civil action Mr. Spurlock instituted directly in this court was in 2007. The numerous civil actions filed by Mr. Spurlock in state court in 2009 and removed to this court have been

dismissed and are currently in the appeals process with the Fourth Circuit. There is no immediate threat to this court of unnecessary time and effort having to be expended to evaluate claims by Mr. Spurlock. This undisputed fact severely undercuts the United States' ability to demonstrate at least one of the four necessary factors supporting issuance of a preliminary injunction. *See Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342, 347 (4th Cir. 2009) (noting that controlling authority "requires that the plaintiff make a clear showing that it is likely to be irreparably harmed absent preliminary relief."). Second, the parties' respective written submissions adequately present the facts and legal contentions necessary for my consideration of permanent injunctive relief. Should I require further argument or evidence, a hearing will be scheduled. At this time, however, a hearing would not aid the decisional process.

Nothing in this order is to be construed by Mr. Spurlock as acceptance or approval of future filings related to this credit dispute matter. All such filings have been universally found to be frivolous.

Accordingly, I **DENY WITHOUT PREJUDICE** the United States' second request for a hearing seeking the issuance of a preliminary injunction.

The court **DIRECTS** the Clerk to send a copy of this order to counsel of record and any unrepresented party.

ENTER: March 18, 2010

Joseph R. Goodwin, Chief Judge